UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
    UNITED STATES OF AMERICA      :    ORDER FOR APPOINTMENT
                                                      :    AND PAYMENT OF RECEIVER
    -v.-                                         :
    ALONZO KNOWLES,                    :
    a/k/a "Jeff Moxey,"
    Defendant.                            :
------------------------------------x

       WHEREAS, the Court has today entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment ("Consent Order") that contains provisions relating, among other things, to the appointment of a Receiver by this Court to take certain actions specified in the Consent Order; and

       WHEREAS, the parties and the Court are in agreement that Joseph V. DeMarco, Esq., should be appointed Receiver under the Consent Order; and

       WHEREAS, Mr. DeMarco has provided the Government with an upper estimate of $20,000 to cover anticipated fees and costs attendant to executing the responsibilities of Receiver under the Consent Order, the Government realizes that this is only an estimate and that the fees and costs may be higher, and agrees to any increase which the parties deem reasonable; and

       WHEREAS, the Government, under the unusual circumstances of this case, has consented to cover the fees and costs of the Receiver;

       NOW THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:

       1.     Joseph V. DeMarco be and hereby is appointed Receiver under the Consent Order.

       2.     The Government shall pay the reasonable fees and costs of the Receiver and Retained Personnel in executing the responsibilities of the Receiver under the Consent Order.

3.  Alonzo Knowles and all persons receiving notice of this Order, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

   A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

   B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include, but are not limited to, concealing, destroying, or altering records or information;

   C. Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include, but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Assets, enforcing judgments, assessments, or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Assets; or,

   D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

4.  The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

5.  The Receiver and his agents, acting within the scope of such agency (collectively, "Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their actions or omissions except upon an express finding by this Court that they

acted as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

6. No action shall be filed or proceeding commenced against the Receiver or the Retained Personnel arising out of or in any way related to this receivership or their duties or work performed in connection with the receivership without obtaining an order from the Court based upon a showing of good cause. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

7. The Receiver is authorized to engage persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

9/30/16
DATE